SUAREZ, J.
BECC Holding II, Inc. (“BECC”), appeals a final order disbursing funds as a result of a tax deed sale. We affirm pursuant to section 197.582(2), Florida Statutes (2010), which permits excess proceeds remaining after a tax deed sale to be used to pay off any “lien of record held by a governmental unit against the property.”
On August 19, 2009, a condominium owned by BECC was sold at a Miami-Dade County tax deed sale due to the failure of BECC to pay the property taxes. Appellee, Ilya Rachtanov (“Rachtanov”), purchased the condominium for $40,000 as the highest bidder and received a tax deed from Miami-Dade County. Following the sale, $22,416.45 remained as surplus funds in the registry of the court. At the time of the purchase of the condominium at the tax deed sale, an outstanding tax certificate existed encumbering the property. The certificate was issued by Miami-Dade County for unpaid 2008 property taxes. On March 28, 2010, Rachtanov redeemed the 2008 tax certificate by paying $5,190.45 to the tax collector. On September 21, 2010, Rachtanov filed a supplemental motion for reimbursement from surplus for his payment to redeem the 2008 tax certificate. The trial court granted the motion and held that the 2008 tax certificate was a lien of record held by a governmental unit against the property, and that, accordingly, the 2008 certificate must be redeemed from the surplus funds from the tax deed sale. We agree.
As tax certificates can only be enforced through the tax collector, cannot be validly transferred without the endorsement of the tax collector, and are subject to redemption by payment of back taxes to the tax collector, the 2008 tax certificate was a governmental lien under section 197.582(2). As tax certificates are assessible by searching the public records on the County’s property tax roll, the 2008 tax certificate was a lien of record. § 197.582(2), Fla. Stat. (2010). Therefore, the ruling of the trial court was correct and we affirm the order below.
Affirmed.